UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE COTTO TORRES

    Plaintiff

    VS

CIVIL NUM: 15-cv-2115(GAG)

ADMINISTRACION DE SERVICIOS
MEDICOS DE PUERTO RICO (ASEM)
HOSPITAL UNIVERSITARIO DE ADULTOS
RIO PIEDRAS, PUERTO RICO
COMMONWEATH OF PUERTO RICO
INSURERS, A, B, & C
PERSON, A, B, & C
    Defendant

ABOUT:

MEDICAL ERROR DAMAGE

DEMAND

THE HONORABLE COURT:

The applicant APPEARS epigraph, through its representation SUBSCRIBE alleges AND DEMANS:

PARTS

1. The Co-Plaintiff, Jose Cotto Torres (JCT), of Legal age, Single in disability his address is 3176 Decatur Avenue Apt. 6A Bronx, New York 10467.

2. The Co-Defendant has Juridical capacity to sue and be sued under our legal system, and is responsible to the plaintiff by the negligent facts described in this complaint. Its Facilities are located in the Emergency room and other Facilities of the Centro Medico of Puerto Rico. This part responds by the Doctors and Nurses who treated carelessly my mother

SANTA TORRES FIGUEROA (STF) in the Facilities.

3. The Co-Defendant Commonwealth of Puerto Rico, has Juridical capacity to sue and be sued under our legal system, and is responsible to the plaintiff by the negligent Facts described in this complaint. This part responds by Doctors and Nurses who care for my Mother (STF) carelessly, Facilities in the Emergency Room (ASEM) and University Hospital of Adultos, Located in the Centro Medico of Rio Piedras of Puerto Rico.

4. They are called with fictional names Insurer A, B and C to all and any insurances company which issued and take into Full Force and affect one or more policies of Medical Professional Liability issued in Favor of the Defendant to answer for damages caused to third parties, such as those claimed in the Lawsuit, who are jointly liable to its policy-holders and here Defendants for damages and losses described and claimed in this Civil Action.

5. Categorized under the ficticious name Person A, B and C by ignored at this time his true identity or any Legal natural could answer or jointly person by Plaintiff damages claimed is described Civil Action, as a result Of allegations on Demand. This claim also refers to all Physicians who intervened as consultants to (STF) patient medical treatment or, as indicated in the Medical Record of the Deceased and could not be identified in Full name all parties complainants are jointly Plaintiff to the parties liable for damages described below.

## ACTS

6. Last June 2, 2014 SANTA TORRES FIGUEROA (89), years- old was vacationing in Puerto Rico and suffered a fall in her daughter's Apt. Maribel Valentin Torres resident of Residencial Las Margaritas in San Juan, Puerto Rico. She calls 911 and moved the patient (STF) in ambulance to the Emergency Room of Centro Medico of Puerto Rico ADMINISTERED BY THE DEFENDANT.

7. (STF) patient was in conscious at all the times, the Hospital perfomed X-Ray on her head and a CT-Scan which revealed NOT FRACTURE. They also took X-Ray of the Cervical Spine which revealed NOT FRACTURE. just as they took X-Ray of her hip and right Femur and a fracture on her right hip was document. The Hospital took X-Ray o her Knee and shoulder and NOT FRACTURE was document.

8. The day of the fall, in the Emergency room document that the main Complaint of the patient (STF) was: Her right hip trauma. The patient was alert, cooperative and oriented in the three areas described. It was document that the patient had a Glasgow Coma Scale of 15/15, meaning that the patient was in good condition in the brain and neuro-logical level. The impression was diagnosed with head trauma and right hip. In the medical evaluation of her fall NOT FRACTURE were found to cervical and maxillofacial.

9. On June 2, 2014 the patient (STF) received 4 mg of morphine at 2:43 pm and 7:00 pm, in the Emergency room ASEM, Morphine is a powerful opiate drug used in medicine as an analgesic for pain. At 11:00 pm that day arise a medical order by Dr. Saul Irizarry Emergency Room (ASEM)

to give the patient (STF) 2 Ultracet tablets by mouth immediately.

10. On the morning of June 3, 2014 at 12:44 they returned to the patient (STF) and inject additional morphine of 4mg intravenously as at 3:00 am and 9:00 am that same day they already give the patient (STF) 2 ultracet tablets. Ultracet is a medicine that contains acetaminophen tramadol, which is a narcotic pain reliever.

11. Between medical orders from June 3, 2014 at 7:00 am (STF) patient in the Emergency Room of ASEM stands admit her to the University Hospital of Adult by Dr. Charles Ziremberg services. Diagnostic orthopedist with intertrochanteric fracture on the right Femur and the order of administration of the 4 mg intravenous of morphine every four hours.

12. Progress note June 3, 2014 at 9:50 am (STF) patient in the Emergency room it appears that not emergency management is required of the patient and is awaiting assessment of orthopedics; It stresses that the patient is stable.

13. That same day, June 3, 2014 in order medical at 4:00 pm ordered to DISCONTINUE MORPHINE patient and give (STF) 2 tablets of ultracet every 6 hours. Highlights the order was taken on June 7, 2014 that is 4 days after written order and a day after the patient (STF) DIED.

14. June 4, 2014 the patient (STF) was assessed by orthopedics at 7:00 am it documented that the patient is disoriented in time and space and guidance to Plaintiff here about the risks of the surgical procedure to her on the right femur. It was assessed prior to the operation medicine

15. June 5, 2014 at 1:00 am and 5:00 am was administered to the patient

(STF) intravenously 4 mg of morphine. That same day at 4:30 pm the Operate the patient (STF) of the intertrochanteric fracture of the right Femur with minimal comminution. The patient (STF) was report after the surgery in stable condition. Orders in the post-operative administration of morphine intravenously every 4 hours is included, among other drugs.

16. In the post- operative patient nursing (STF) note in the University Hospital Is not documented nor mark anything in the area estimate pain, but Described that the patient (STF) is disoriented. However in footnote at 7:10 pm documented that the patient (STF) is given something for pain, Under the signature of Diana Ortiz, but the nurse does not document the drug administered.

17. June 6, 2014 at 12:00 am is administered to the patient (STF) 4 mg of Morphine by nurse Santana base of the patient medical records in (UHD) That same day at 5:00 am is administered to the patient again 4 mg of Morphine by that same nurse Santana. This is documented in the nursing Progress note, but not in the leaf medication from the patient(STF) Medical records in (UHD).

18. That same day there is a question of internal medicine to orthopedics Because the patient (STF) have shortness of breath possibly from an over- Dose of narcotics (Morphine).

19. The response to the consultation is that the patient presented hyper- Activity and drowsiness after administering a dose of morphine.

20. Giving this situation the patient (STF) received two doses of Narkan this Document and the patient (STF) open her eyes spontaneously with voluntary movements. That occurred at 12:40 pm on June 6, 2014. That

Same day at 2:00 pm was documented in the nursing notes that the Patient (STF) is disoriented in place and space. Narkan feature that is a Drug used as antidote narcotics poisoning as it reverse the effects of drugs Administered.

21. At 2:00 pm on June 6, 2014 in the orthopedics doctor's note documenting That meets (STF) in unresponsive state. Internal medicine recommends Review of opioid with Nalaxone Hydrochloride (Narkan) and documented That the patient recovers but with tachypnea. Relatives inform the nurse Isabel Rodriguez at 3:00 pm that her mother was not urinating. The nurse Check the catheter of the patient (STF) and found that the tube of the Catheter was obstructing the patient's urine, which caused the patient (STF) an inflammation in her right hand and right leg. Dr. Gonzalez enter The patient room and order small dose of narkan, but the medication Never arrived to the patient (STF) room, because DR. Gonzalez forgot to Sign the order, hours later the nurse Isabel Rodriguez stating that the Medication was in the pharmacy. On June 5, 2014 on the medical record Of the patient (STF) the medication lovenox was on (hold). Lovenox is Used to treat or prevent a type of blood clot called deep vein thrombosis (DVT) which can lead to blood clots in the lungs.

22. At 4:15 pm that same day there was a note in the medical record that Establishes that you can not administer more morphine or other opioide To the patient SANTA TORRES FIGUEROA.

23. It documented at 5:25 pm on June 6, 2014 that the patient blood gas of (STF) values are altered and panic. That same day at 8:15 pm the patient (STF) died. After the death of my mother, here Plaintiff ask Dr. Walker

      To please give my mother (STF) the advanced CPR process, but the Process was interrupted by and Unknown administrator, only because Dr. Walker allow the (Plaintiff) to be in the room during the process. When Dr. Walker began with the counting chest compression the Unknown administrator began to discuss with the doctor (Walker) about The protocol of the Hospital. When I left the room (Plaintiff) the Unknown administrator close the door of the room, when I open the door Back the (Plaintiff) all medical personnel were just writing notes and Nobody was doing the CPR process.. Later somebody call Intensive care But the electro shock car never arrived to the room.

24. At 9:45 pm on June 6, 2014 Dr. Walker prepare the summary of (STF) Death. The certificate was made by Dr. Jose V. Torres on June 10, 2014 Which did not attend the (STF) died in their treatment. Dr. Jose V. Torres Prepare the certificate base on the information provided by post-mortem Examination in its capacity forensic pathologist from the Institute of Forensic Science. I want to indicate (Plaintiff) that after the death of my My mother last June 6, 2014, the body of (STF) was kept at the University Hospital of Adult for 3 additional days and when the body of the patient (STF) was transferred to the Institute of Forensic Sciences according to Pathologist's report Dr. Jose V. Torres the body of the patient (STF) came From the University Hospital of Adult in a state of early decomposition. Embalming report by Cruz Funeral Home indicates that the body of (STF) Arrives in state of decomposition from the Institute of Forensic Sciences. The funeral home also indicate in their comments or concerns treatment, The embalmer realizes that the body has many black spots all over the

head.

## MEDICAL ERROR NEGLIGENCE

25. Negligence Claims that Party Against Defendants here consists, Among other factors and events, in which the patient (STF) will not be offered correct Medical Treatment, and time needed for condition having and therefore killed her with poisoning Morphine. A drug injected since arriving to the Emergency Room (Asem) and in the University Hospital of Adult subsequent hospitalization. The negligence of the doctors and nurses who treated is not monitor the effect of drugs supplied to the health conditions of the patient (STF) during hospitalization, among other factors.

26. The actions of all the Defendants departs from the best practice of medicine by not diagnosing the condition having the deceased (STF) and the abuser of injected morphine, along with the drugs used and not monitor the effect it had on their health and welfare during hospitalization. Likewise they not attended with due sense of emergency that required her case and avoid physical damage to the patient (STF) now deceased.

27. In this case the standards of practice of medicine and nursing were diverted by not recording medical orders within a reasonable time: this applies to medical order written on June 3, 2014 at 4:00 pm, discontinuing the used of the morphine, which it appears was taken on June 7, 2014, the deceased estate is administered various doses of morphine after the order that cause the patient death (STF).

28. Its not documented in the medical record why the morphine was discharged from the patient (STF) but family members indicated however that the patient had a side effect to the morphine the Dr. In the emergency asem recommend Ultracet, after surgery the femur of the right leg on June 5, 2014 the doctors who did their surgery ordered more morphine to the patient (STF), ignoring the order taken by DR. Saul Irizarry in June 3, 2014 and then nurses give her the same injector. (morphine)

29. As the administration of medications, there were several doses were administered in times that were not appropriate, such as administering ultracet two hours of when they administered morphine on June 3, 2014 and the use of Ultracet missing two hours to the next dose, According the medical order that day and the administration of two dose of morphine on June 5, 2014, after the drug had been discontinued by medical order by Dr. Saul Irizarry. (ASEM).

30. The Defendants here deviated from the best medical practice of nursing by not reporting the patient (STF) vitals signs according to medical order, which could have an objective record of how the vitals were signs of the patient after the surgical procedure and then management's of narkan medicine the day she died. Doctors who worked for the Defendants here during this hospitalization failed not require full compliance with their orders correctly by nurses.

31. The here Defendants departed from the best practice of medicine by not taking into consideration the history of conditions of the patient (STF), weight, age, and types of injuries with which she reached the emergency room (ASEM) and subsequent treatment prior to the exaggerated, abusive

And uncoordinated use of the morphine, which killed the patient (STF) And other factors in University Hospital of Adult.

32. Today the deceased suffered physical and emotional distress and the Plaintiff is suffering major psychological damage through death of his Mother. Since the emergency room and the University Hospital by their Nurses and doctors who were negligent treatment offered in the Subsequent medical diagnostic and treatment offered by discontinued Administration of morphine to the patient (STF) since she arriving on June 2, 2014 until death four days later.

## DAMAGE OF MEDICAL ERROR

33. The deceased (STF) suffered here intense pain and mental anguish Interrupted since her hospitalization on June 2, 2014 until her death On June 6, 2014 according to the Facts described here due to the Negligence of the Defendants here. The Plaintiff here son of the late Heir, inherited her cause of action that is estimated in a sum not less Than $ 300,000.

34. Due to the plight experienced by the deceased (STF) and here plaintiff Her son suffered great emotional distress since the hospitalized on June 2, 2014 until her death and continues until this day. According to the Facts here described, because the negligence of the defendants here the Plaintiff has suffered severe mental anguish and moral suffering in this Lawsuit are estimated in a sum not less than $ 200,000.

35. All the damages described and claimed in the lawsuit are the result of The Defendant.

UNDER EVERYTHING TO BE EXPOSE, very respectfully it requested this court to

to declare to place this demand and order the Defendants to pay the Plaintiff the

amounts claimed in the Lawsuit against requested by physical damage, suffering

mental anguish disability and economic loss, plus travel expenses to Puerto Rico

In the event it is found to have acted recklessly in procedure of this lawsuit and

was ordered to pay legal interest from the date of the filing of the lawsuit on all

the amounts awarded to the Plaintiff.


RESPECTFULLY SUBMITTED

IN SAN JUAN, PUERTO RICO, _08_ _10_ _OF_ 2015


PLAINTIFF

*[signature]*

JOSE COTTO TORRES
3176 Decatur avenue Apt. 6A
Bronx, New York 10467
718-503-1670- Cell
347-427-4369- Home
Jcotto3176@gmail.com

*[signature]*

HARUNUR RASHID
Notary Public State of New York
Bronx County, # 01RA6114955
My Commission Expires
August 30, 2016